

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. C. Denman
County Attorney
Nacogdoches County
Nacogdoches, Texas

Dear Sir:

Opinion No. O-7078

Re: Authority of the County to vote
a bond issue to build an addition
to the courthouse.

We have received your inquiry of recent date in which you asked the following question:

"Nacogdoches County has a Court House which has been built for several years. It is inadequate and the County wishes to vote a $75000.00 bond issue to put up an additional building, which you might call an annex. The annex will be built on the Court House campus in this County. Can the County legally vote the bond issue for this purpose?"

A County cannot issue bonds unless such power is expressly conferred by law. Such is the established doctrine in this State and has been from an early time. See: San Patricio County v. McClane, 44 Tex. 392; Robertson v. Breedlove 61 Tex. 316; Lasater v. Lopez, 217 S. W. 376.

Article 701, V.A.C.S., provides:

"The bonds of a county or an incorporated city or town shall never be issued for any purpose unless a proposition for the issuance of such bonds shall have been first submitted to the qualified voters who are property taxpayers of such county, city or town."

Honorable C. C. Denman - Page 2

Article 703, V.A.C.S., provides:

"The proposition to be submitted shall distinctly specify:

1. The purpose for which the bonds are to be issued;

2. The amount thereof;

3. The rate of interest;

4. The levy of taxes sufficient to pay the annual interest and provide a sinking fund to pay the bonds at maturity;

5. The maturity date, or that the bonds may be issued to mature serially within any given number of years not to exceed forty."

Article 718, V.A.C.S. authorizes the commissioners' court to issue bonds for the purpose of erecting the county courthouse and jail, or either.

Article 719, V.A.C.S., provides:

"If a majority of the property tax paying voters voting at such election shall vote in favor of the proposition, then such bonds shall be thereby authorized and shall be issued by the commissioners' court."

On the basis of the foregoing articles we held in our Opinion No. O-324 that "in the absence of a statutory provision requiring a petition and hearing, the Commissioners' Court may, on its own motion and order, call an election for the purpose of authorizing the issuance of bonds for the construction of a courthouse and jail, or either."

In the case of Brown v. Graham, 58 Tex. 254, the Supreme Court had before it the question as to the authority of the commissioners' court to levy a special tax for the purpose of building an addition to and repairing the courthouse. We quote from said case the following:

"It is claimed that the power to erect, repair or complete a public building does not include the power to make an addition to it. It is true that the county commissioners' court can levy no taxes unless the power to do so be plainly and unmistakably conferred. The authority must be given either in express words or by necessary implication. 2 Dillion on Mun. Corp. 8 763. It is no more than a reasonable construction of language to hold that power to erect an entire building expressly authorizes the construction of a portion of it. It certainly does by necessary implication.

"Should the commissioners' court come to the conclusion that a larger court house is needed to meet the demands of the public business of their county, and they agree upon its plan and dimensions, and find that they can secure a building conforming to them in every respect, either by erecting a new structure, or altering, repairing and enlarging the old one, and that the latter mode will be less expensive by half than the former, is there any reason in holding that they can levy the tax for the more expensive mode of attaining their object, when they could not for the other, though the structure which is the result is precisely the same in every particular?

"The object of the foregoing provisions of our constitution and statutes was to enable the different counties to provide suitable public edifices, leaving it to the judgment of the proper authorities whether this should be done by building new houses or by repairing and adding to old ones, when they could thus be rendered suitable to the purposes of the county. The word 'erect', contained in all the foregoing provisions, was the most comprehensive term that could be used to embrace all such improvements.

"To hold that a county whose court house, with proper repairs and additions, could be rendered commodious and useful in every respect, must pull it down and build an entirely new one, would be to charge our law-givers with an intent to encourage

382

an unnecessary expenditure of the public money. Such a consideration would not, in itself, authorize us to infer a power when not expressly given or necessarily implied. Yet when the language used is capable of including authority to do an act not mentioned in terms, such construction of it is greatly aided by considerations of public advantage which it would certainly produce." See also Sanders v. Looney, 225 S.W. 280.

In view of the foregoing authorities, it is our opinion that the Commissioners' Court has authority to call an election for the purpose of authorizing the issuance of bonds for the construction of an addition or additions to the courthouse if it determines such addition or additions are "needed to meet the demands of the public business of the county."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  J. C. David, Jr.
J. C. Davis, Jr.
Assistant

By  John Reeves
John Reeves

JR:ms

